**NICOLETTI HORNIG & SWEENEY**
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 220-3830
Attorney: Lawrence C. Glynn (LG 6431)
NH&S File No.:   80000233LCG



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NEW HAMPSHIRE INSURANCE COMPANY,
as Subrogee of ST. PAUL YACHT CLUB,

                Plaintiff,               Case No.:   08 Civ. 5213 (CM)

-against-

                                    **AMENDED COMPLAINT**

TOTAL TOOL SUPPLY, INC.,

                Defendant.
------------------------------------------------------------x

Plaintiff, New Hampshire Insurance Company ("NHIC" or "Plaintiff") by its attorneys, Nicoletti Hornig & Sweeney, alleges upon information and belief, as follows:

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.   At and during the times hereinafter mentioned, plaintiff had and now has the legal status and principal place of business stated in Schedule "A" attached hereto and by this reference made a part hereof.

3. At and during all the times hereinafter mentioned, defendant Total Tool Supply, Inc. ("Total Tool") had and now has the legal status and offices and places of business stated in Schedule "A", and were and now are engaged as manufacturers of nylon flat eye and eye slings.

4. At and during all the times hereinafter mentioned, defendant Total Tool manufactured a certain flat eye and eye marine lifting sling, TLine$^{TM}$, BLS1910, S/N 600798, 30 feet x 32,000 pound capacity nylon web sling (hereafter "the sling").

5. That at all times hereinafter mentioned and at the time of the occurrences herein, the defendant Total Tool, its agents, servants, employees, divisions and/or subsidiaries were doing business in the State of New York, and did contract to supply goods and services in the State of New York, and did commit a tortious act within the State of New York, and did commit a tortious act outside the State of New York causing injury to the plaintiff within the State of New York, and regularly solicited business and engaged in a persistent course of conduct, and derived substantial revenue from goods used and consumed and services rendered in the State of New York, and expected and reasonably should have expected its acts to have consequences in the State of New York and derives substantial revenue from interstate and international commerce and owned, used or possessed real property in the State of New York.

6. That the defendant Total Tool directly and purposely availed themselves of the privilege of conducting business within the State of New York by placing products into the stream of commerce with the intent and expectation that they would be purchased and/or used in the State of New York.

7. Plaintiff brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said vessel described herein, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## COUNT I

8. Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest, designed, manufactured, sold, distributed the sling.

9. That the sling was defective and not reasonably fit for its intended use.

10. That the sling was by its improper design, construction, assembly, manufacture and sale, inherently defective and dangerous, not reasonably fit, suitable or safe for its intended purpose and use and posed an unreasonable and forseeable risk of harm to users thereof

11. That the said product was unreasonably dangerous and defective and was prone to failure.

12. That the said product was not in conformity with accepted industry and government standards.

13. That the said product was not approved for sale and distribution.

14. That the subject product was sold, distributed and transported in violation of applicable laws, rules and regulations.

15. That the subject product was defective by reason of the failure to provide adequate warnings.

16. That said product was defective in failing to reasonably conform to the expectations of the ultimate consumer, and was otherwise defective.

17. That on September 11, 2006, the aforesaid defective product proximately caused injury to the plaintiff, including, but not limited to, severe damage to a 2002 36' Silverton motor yacht (hereafter "the vessel") which was being hauled out of the water by St. Paul Yacht Club personnel.

18. That by reason of the foregoing, plaintiff has been damaged in the amount of $102,000.00.

## COUNT II

19. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered "1" through "18" as though more fully set forth herein at length.

20. Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest, failed to warn and/or inform of the inherently dangerous nature of the sling, and are as such strictly liable for the resulting injury to the vessel and for all damages and expenses directly or indirectly arising out of or resulting from such conduct pursuant to 46 U.S.C. §1304 and any and all other applicable law.

21. That as a result of Total Tool's failure to provide adequate warning and/or inform of the inherently dangerous nature of the sling, said product did fail causing damage to the vessel while it was being hauled.

22. That on September 11, 2006, the aforesaid failure to warn proximately caused injury to the plaintiff, including, but not limited to, severe damage to the vessel.

23. That by reason of the foregoing, plaintiff has been damaged in the amount of $102,000.00.

## COUNT III

24. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered "1" through "23" as though more fully set forth herein at length.

25. Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest were negligent in failing to use reasonable care in the design, manufacture,

sale, packaging, distribution and transportation of the sling which was prone to failure and was unfit for its intended use.

26. Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest were negligent in designing, manufacturing, selling, packaging, distributing and transporting a product which it knew or reasonably should have known was substandard, dangerous and defective.

27. Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest were negligent in failing to provide adequate warnings of the hazardous and dangerous nature of its product.

28. Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest were negligent in failing to provide adequate instructions to St. Paul Yacht Club and/or St. Paul Yacht Club's employees, servants and agents as to the proper method for stowage, handling and usage of the dangerous product.

29. Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest were negligent in failing to provide proper and adequate labeling and/or placarding on the packaging of the sling which would inform, *inter alia*, St. Paul Yacht Club and its employees, servants and agents as to the proper method for stowage, handling and usage of the dangerous product.

30. Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest were negligent in failing to provide proper and adequate labeling and/or placarding and/or warnings on the sling itself which would inform, *inter alia*, St. Paul Yacht Club and its employees, servants and agents as to the proper method for stowage, handling and usage of the dangerous product.

31. Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest were negligent in designing, manufacturing, selling and distributing a product which it knew or should reasonably have known was defective and unfit for its intended use.

32. Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest were negligent in selling, packaging, distributing and transporting the subject cargo in violation of applicable U.S. and international laws, rules, regulations and codes.

33. Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest were negligent in failing to monitor the manufacture, packaging and transportation of its product.

34. Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest were negligent in failing to perform any testing on its product to determine its hazardous and dangerous nature.

35. That as a result of the Total Tool's negligent acts, said product did fail causing severe damage to the vessel.

36. That on September 11, 2006, the aforesaid negligence proximately caused injury to the plaintiff, including, but not limited to, severe damage to the vessel.

37. That by reason of the foregoing, plaintiff has been damaged in the amount of $102,000.00.

## COUNT IV

38. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered "1" through "37" as though more fully set forth herein at length.

39. In or about April, 2006, Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest were negligent in failing to properly inspect the sling.

40. In or about April, 2006, Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest were negligent in failing to properly service the sling.

41. In or about April, 2006, Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest were negligent in failing to properly test the sling.

42. In or about April, 2006, Total Tool, its agents, servants, employees, subsidiaries and/or predecessors and/or successors in interest were negligent in failing to perform any testing on its product to determine its hazardous and dangerous nature.

43. That as a result of the Total Tool's negligent acts, said product did fail causing severe damage to the vessel.

44. That on September 11, 2006, the aforesaid negligence proximately caused injury to the plaintiff, including, but not limited to, severe damage to the vessel.

45. That by reason of the foregoing, plaintiff has been damaged in the amount of $102,000.00.

## COUNT V

46. Repeats and realleges each and every allegation set forth in paragraphs "1" through "45", inclusive of this Complaint with the same force and effect as if more fully set forth herein.

47. At all relevant times, Total Tool was and is in the business of manufacturing and selling nylon straps, and knew or had reason to know of the intended use of the sling it sold to St. Paul Yacht Club.

48. At all relevant times, St. Paul Yacht Club, and its employees and customers, were members of the public, and were persons whom Total Tool reasonably might have expected to purchase and use the sling.

49. During the course of dealings between St. Paul Yacht Club and Total Tool, which ultimately resulted in the purchase of the subject sling by St. Paul Yacht Club, various express and/or implied warranties were communicated and/or extended to St. Paul Yacht Club by defendant or required by law with respect to the sling.

50. During the course of dealings between St. Paul Yacht Club and Total Tool, during which Total Tool serviced and inspected the sling, various express and/or implied warranties were communicated and/or extended to St. Paul Yacht Club by Total Tool or required by law with respect to the sling.

51. Total Tool expressly and impliedly warranted that the sling was merchantable, safely designed, and fit for the particular purpose for which it was produced, sold, and intended to be used.

52. Total Tool breached those express and implied warranties in that the sling was not merchantable, safely designed, nor fit for its intended use. In fact, the sling in question was inherently dangerous in that it incorporated a defective design which subjected it to easily becoming frail or fractured when used as intended.

53. By virtue of the foregoing premises and as a direct and proximate result of defendant's breaches of the express and/or implied warranties described above, plaintiff incurred damage in the sum of $102,000.00.

WHEREFORE, plaintiff requests:

(a) That process in due form of law may issue against the defendants citing them to appear and answer all and singular the matters aforesaid;

(b) That if defendants cannot be found within this district, then all their property within this District shall be attached in the sum of $102,000.00 with interest thereon and costs, the sum sued for in this Complaint;

(c) That judgment may be entered in favor of plaintiff against the defendant for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action;

(d) That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all singular the matters aforesaid, and this Court will be pleased to pronounce judgment in favor of plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefor, and

  (e)  That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
   June 19, 2008

         Yours, etc.,

         **NICOLETTI HORNIG & SWEENEY**
         Attorneys for Plaintiff

         By: _____
         Lawrence C. Glynn (LG-6431)
         Wall Street Plaza
         88 Pine Street
         New York, New York 10005
         (212) 220-3830
         NH&S File No.:  80000233LCG

## SCHEDULE A

Plaintiff:       New Hampshire Insurance Company
                 175 Water Street
                 20th Floor
                 New York, New York 10038


Defendants:  Total Tool Supply, Inc.
                 315 N. Pierce St.
                 St. Paul, MN 55104