UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, as Subrogee of ST. PAUL YACHT CLUB, <br><br> Plaintiff, <br><br> - against – <br><br> TOTAL TOOL SUPPLY, INC., <br><br> Defendant. | 08 Civ. 5213 (CM) <br><br> VERIFIED ANSWER WITH COUNTERCLAIM |

Defendant, TOTAL TOOL SUPPLY, INC., by their attorneys Wilson, Elser, Moskowitz, Edelman & Dicker, LLP as and for their Verified Answer to the plaintiff's Amended Complaint, upon information and belief, allege:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "1."

2.      Admits the allegations contained in paragraph numbered "2."

3.      Admits the allegations contained in paragraph numbered "3."

4.      Admits the allegations contained in paragraph numbered "4."

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "5."

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "6."

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "7."

<u>AS AND FOR DEFENDANT'S ANSWER TO COUNT I</u>

8.      Admits the allegations contained in paragraph numbered "8."

9.      Denies each and every allegation contained in paragraph numbered "9."

10.      Denies each and every allegation contained in paragraph numbered "10."

11.      Denies each and every allegation contained in paragraph numbered "11."

12.      Denies each and every allegation contained in paragraph numbered "12."

13.      Denies each and every allegation contained in paragraph numbered "13."

14.      Denies each and every allegation contained in paragraph numbered "14."

15.      Denies each and every allegation contained in paragraph numbered "15."

16.      Denies each and every allegation contained in paragraph numbered "16."

17.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "17."

18.      Denies each and every allegation contained in paragraph numbered "18."

<u>AS AND FOR DEFENDANT'S ANSWER TO COUNT II</u>

19.      Answering paragraph numbered "19," defendant repeats, reiterates and realleges each and every response as previously set forth to paragraphs numbered "1" through "18" with the same force and effect as if fully set forth at length.

20.      Denies each and every allegation contained in paragraph numbered "20."

21.      Denies each and every allegation contained in paragraph numbered "21."

22.      Denies each and every allegation contained in paragraph numbered "22."

23.      Denies each and every allegation contained in paragraph numbered "23."

<u>AS AND FOR DEFENDANT'S ANSWER TO COUNT III</u>

24.    Answering paragraph numbered "24," defendant repeats, reiterates and realleges each and every response as previously set forth to paragraphs numbered "1" through "23" with the same force and effect as if fully set forth at length.

25.    Denies each and every allegation contained in paragraph numbered "25."

26.    Denies each and every allegation contained in paragraph numbered "26."

27.    Denies each and every allegation contained in paragraph numbered "27."

28.    Denies each and every allegation contained in paragraph numbered "28."

29.    Denies each and every allegation contained in paragraph numbered "29."

30.    Denies each and every allegation contained in paragraph numbered "30."

31.    Denies each and every allegation contained in paragraph numbered "31."

32.    Denies each and every allegation contained in paragraph numbered "32."

33.    Denies each and every allegation contained in paragraph numbered "33."

34.    Denies each and every allegation contained in paragraph numbered "34."

35.    Denies each and every allegation contained in paragraph numbered "35."

36.    Denies each and every allegation contained in paragraph numbered "36."

37.    Denies each and every allegation contained in paragraph numbered "37."

<u>AS AND FOR DEFENDANT'S ANSWER TO COUNT IV</u>

38.    Answering paragraph numbered "38" defendant repeats, reiterates and realleges each and every response as previously set forth to paragraphs numbered "1" through "37" with the same force and effect as if fully set forth at length.

39.    Denies each and every allegation contained in paragraph numbered "39."

40.    Denies each and every allegation contained in paragraph numbered "40."

41.    Denies each and every allegation contained in paragraph numbered "41."

- 3 -

42.    Denies each and every allegation contained in paragraph numbered "42."

43.    Denies each and every allegation contained in paragraph numbered "43."

44.    Denies each and every allegation contained in paragraph numbered "44."

45.    Denies each and every allegation contained in paragraph numbered "45."

AS AND FOR DEFENDANT'S ANSWER TO COUNT VI

46.    Answering paragraph numbered "46," defendant repeats, reiterates and realleges each and every response as previously set forth to paragraphs numbered "1" through "45" with the same force and effect as if fully set forth at length.

47.    Denies each and every allegation contained in paragraph numbered "47."

48.    Denies each and every allegation contained in paragraph numbered "48."

49.    Denies each and every allegation contained in paragraph numbered "49."

50.    Denies each and every allegation contained in paragraph numbered "50."

51.    Denies each and every allegation contained in paragraph numbered "51."

52.    Denies each and every allegation contained in paragraph numbered "52."

53.    Denies each and every allegation contained in paragraph numbered "53."

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54.    Upon information and belief, that whatever damages the plaintiff may have sustained at the time and place mentioned in the Amended Complaint were caused in whole or in part by the culpable conduct of said plaintiff's subrogor. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to plaintiff bears to the culpable conduct which caused said injuries.

3291796.1

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55.     Upon information and belief, that injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom answering defendant neither had nor exercised control.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56.     Upon information and belief, that all risks and danger of loss or danger connected with the situation alleged in the Amended Complaint were at the time and place mentioned obvious and apparent and were known by the plaintiff and voluntarily assumed by them.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57.     That the Amended Complaint herein or a part thereof fails to state a cause of action upon which relief may be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58.     Upon information and belief, that all risks and danger of loss or danger connected with the situation alleged in the Amended Complaint were at the time and place mentioned obvious and apparent and were known by the plaintiff and voluntarily assumed by them.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59.     Upon information and belief, plaintiff's damages, if any, were not proximately caused by any act, error or omission of the answering defendant as a matter of law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

60.     Upon information and belief, if any damages were sustained by the plaintiff as alleged in the plaintiff's Amended Compliant, which damages are expressly

- 5 -

denied, all such damages have been caused or were brought about, in whole or in part, by the affirmative wrongdoing, negligence, want of care, omissions, failure to mitigate damages, or other culpable conduct or comparative negligence of the plaintiff, its agents, servants, employees and such persons other than the answering defendant, without the affirmative acts of the answering defendant contributing thereto, and as a consequence thereof, plaintiff's damages, if any, should be reduced by the proportion of the plaintiff's culpable conduct which caused the alleged damages.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

61.    Upon information and belief, the action is barred by plaintiff's express assumption of the risk for the activity plaintiff was carrying out at the time of the occurrence.

AS AND FOR A FIRST COUNTERCLAIM

62.    Upon information and belief, that if and in the event plaintiff sustained the injuries and damages complained of, such injuries and damages were caused in whole or in party by reason of the wrongful conduct of plaintiff, ST. PAUL YACHT CLUB, there being no active or primary wrong doing on the part of the answering defendant contributing thereto.

63.    By reason of the foregoing, this answering defendant is entitled to full indemnity and/or contribution from, and to judgment over and against plaintiff, ST. PAUL YACHT CLUB for all or part of any verdict or judgment which plaintiff may recover against this answering defendant.

WHEREFORE, the defendant, TOTAL TOOL SUPPLY, INC. demands judgment dismissing the Amended Complaint together with the costs and disbursements herein or in the alternative, in the event that the plaintiff recovers any verdict and/or judgment

- 6 -

against the answering defendant, the answering defendant demands judgment over and against plaintiff, ST. PAUL YACHT CLUB in whole or in part, in accordance with the counterclaim herein above set forth, together with the costs, disbursements and counsel fees incurred in the defense of this action.

Dated:     New York, New York
           July 29, 2008

                    Yours, etc.,

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                    By:_____

                      MICHAEL J. VATTER (MV 1706)
                    Attorneys for Defendant, TOTAL TOOL SUPPLY, INC.
                    150 East 42nd Street
                    New York, NY 10017-5639
                    (212) 490-3000
                    File: 09662.00029

TO:    Lawrence C. Glynn
       Nicoletti Hornig & Sweeney
       Attorneys for Plaintiff
       Wall Street Plaza
       88 Pine Street
       New York, NY 10005
       (212) 220-3830
       File: 80000233LCG

ATTORNEY'S VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK  )

    I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, state that I am associated with the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, attorneys for the defendant, TOTAL TOOL SUPPLY, INC. herein.  I have read the foregoing Answer With Counterclaim and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

    The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  Information and material contained in deponent's file.

    This verification is made by an attorney because said defendant does not reside or have a place of business in the county in which we maintain our offices.

    I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:        New York, New York
              July 29, 2008

_____
MICHAEL J. VATTER (MV 1706)

- 8 -

3291796.1