UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NEW HAMPSHIRE INSURANCE COMPANY,          :
a/s/o ST. PAUL YACHT CLUB,

                                       :          08 Civ. 5213 (AJP)

                Plaintiff,

                                        :          **OPINION AND ORDER**

               -against-

                                        :

TOTAL TOOL SUPPLY, INC.,

                                        :

               Defendant.

                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

           Plaintiff New Hampshire Insurance Company ("NHIC") moves to amend its complaint to add a sixth cause of action asserting that defendant Total Tool Supply, Inc. violated the Minnesota Consumer Fraud Act through "fraud, false pretense, false promise, misrepresentation, misleading statements and/or deceptive practices employed and intended to be relied upon in the sale and subsequent inspections of . . . [defendant's] nylon web sling." (Dkt. No. 27: Notice of Motion; Dkt. No. 28: Glynn Aff. Ex. A: Proposed 2d Am. Compl. ¶¶ 54-68.)  Total Tool responds that amendment would be futile and also that Total Tool would be prejudiced by the amendment.  (Dkt No. 33: Total Tool Am. Opp. Br. at 3, 7-14.)

           For the reasons set forth below, NHIC's motion for leave to amend its complaint is DENIED as futile.

## BACKGROUND

On June 6, 2008, NHIC commenced this action against Total Tool, alleging design and manufacturing defect, failure to warn and negligent inspection claims regarding a "marine lifting sling" manufactured by Total Tool.  (Dkt. No. 1: Compl. ¶ 4.)  On June 19, 2008, NHIC amended it complaint, adding a fifth cause of action for breach of implied and express warranties.  (See Dkt. No. 4: Am. Compl. ¶¶ 46-53.)

On September 12, 2008, Judge McMahon issued a Case Management Plan establishing, among other things, a deadline for amending the pleadings of October 31, 2008 and setting a discovery cut-off date of January 30, 2009.  (Dkt. No. 9: 9/12/08 Case Management Plan ¶¶ 4, 6.)  Judge McMahon later extended discovery through April 19, 2009.  (Dkt. No. 10: 1/13/09 Order.)  On March 10, 2009, the parties consented to jurisdiction by this Court for all purposes under 28 U.S.C. § 636(c).  (See Dkt. No. 11: 3/11/09 Consent to Jurisdiction Order.)  After the current motion to amend was filed, this Court extended discovery through May 22, 2009.  (See Dkt. No. 30: 4/30/09 Order.)

On April 28, 2009, NHIC filed the present motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a).[1/]  (Dkt. No. 27: Notice of Motion; Dkt. No. 28: Glynn Aff. Ex. A: Proposed

---

[1/]   On April 15, 2009, NHIC sought leave to amend the complaint by letter application (see Dkt No. 16: 4/15/09 Order), but submitted a formal motion (Dkt. No. 22) seeking leave to amend after this Court directed NHIC to respond to Total Tool's letter in opposition to NHIC's request (see Dkt. No. 19: 4/22/09 Order).  This Court denied NHIC's first motion "without prejudice to prompt renewal with a brief that addresses the cases previously cited by defendant that appear to bar this claim" (Dkt. No. 26: 4/28/09 Order).  On April 28, 2009, NHIC submitted the present motion.

2d Am. Compl.; Dkt. No. 29: NHIC Br.)  NHIC's proposed second amended complaint would add a sixth cause of action alleging that Total Tool violated the Minnesota Consumer Fraud Act through "fraud, false pretense, false promise, misrepresentation, misleading statements and/or deceptive practices employed and intended to be relied upon in the sale and subsequent inspections of . . . [defendant's] nylon web sling."  (Glynn Aff. Ex. A: Proposed 2d Am. Compl. ¶¶ 54-68.)

Total Tool argues that NHIC's "proposed amendment is futile and meritless" because it "seeks to add a claim pursuant to [the] Minnesota . . . . Consumer Fraud Act [that] does not grant individual consumers a private right of action" unless "the plaintiff . . . demonstrate[s] a public interest."  (Dkt. No. 33: Total Tool Am. Opp. Br. at 11-14.)  Total Tool also argues that NHIC "unreasonably delayed . . . seeking to amend the amended complaint for a third time and [Total Tool] will be unduly prejudiced by any amendment at this time."  (Total Tool Am. Opp. Br. at 7-11.)

## ANALYSIS

This Court's opinion in <u>Turkenitz</u> v. <u>Metromotion</u> discusses the law concerning granting leave to amend under Rule 15(a) and the potential prejudicial effect of proposed amendments:

> Rule 15(a) of the Federal Rules of Civil Procedure instructs that "leave [to amend] shall be freely given when justice so requires."
>
> Analysis of any motion to amend starts with the Supreme Court's decision in <u>Foman</u> v. <u>Davis</u>, 371 U.S. 178, 83 S. Ct. 227 (1962):
>
> > Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the

absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

_Id_. at 182, 83 S. Ct. at 230 (citations omitted).

"'Prejudice to the opposing party if the motion is granted has been described as the most important reason for denying a motion to amend.  Prejudice may be found, for example, when the amendment is sought after discovery has been closed. . . . Undue delay [and] bad faith . . . are other reasons for denying a motion to amend.'"  Berman v. Parco, 96 Civ. 0375, 1997 WL 726414 at *22[, 986 F. Supp. 195] (S.D.N.Y. Nov. 19, 1997) (Peck, M.J.), quoting 1 M. Silverberg, Civil Practice in the Southern District of New York § 6.26, citing Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987); State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); Bymoen v. Herzog, Heine, Geduld, Inc., 88 Civ. 1796, 1991 WL 95387 at *1-2 (S.D.N.Y. May 28, 1991); Priestley v. American Airlines, Inc., 89 Civ. 8265, 1991 WL 64459 at *2 (S.D.N.Y. April 12, 1991) ("Insofar as the proposed claim is not predicated on facts learned after the pleading stage of the litigation, the resulting delay is not excusable. . . . Undue prejudice warrants denial of leave to amend where the proposed claim will significantly increase the scope of discovery when the case is ready for trial.").

"'Delay in seeking leave to amend a pleading is generally not, in and of itself, a reason to deny a motion to amend.  However, the Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay. . . . Leave to amend a complaint will generally be denied when the motion to amend is filed solely in an attempt to prevent the Court from granting a motion to dismiss or for summary judgement, particularly when the new claim could have been raised earlier.'"  Berman v. Parco, 1997 WL 726414 at *22, quoting 1 M. Silverberg, Civil Practice in the Southern District of New York § 6.26, citing, inter alia, Bymoen v. Herzog, Heine, Geduld, Inc., 1991 WL 95387, and Priestley v. American Airlines Inc., 1991 WL 64459.

For further discussion of the issues of prejudice and undue delay, see generally 6 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d §§ 1487-88 ("Perhaps the most important factor listed by the [Supreme] Court and the most

frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading. . . . [A]lthough delay alone may not result in a denial of leave to amend, some courts have held that leave may be withheld if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them."); 3 James Moore, Moore's Federal Practice § 15.15[1]-[3] (3d ed. 1997).

Turkenitz v. Metromotion, Inc., 97 Civ. 2513, 1997 WL 773713 at *8-9 (S.D.N.Y. Dec. 12, 1997) (Peck, M.J.).[2]

Where a party opposes leave to amend on "futility" grounds, the appropriate legal standard is whether the proposed complaint fails to state a claim, the traditional Fed. R. Civ. P. 12(b) standard.  E.g., Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)."); S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979) ("A trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action.");  Frenkel v. New York City Off-Track Betting Corp., 2009 WL 1176987 at *4; Nichols v. Mahoney, 08 Civ.

---

[2]      Accord, e.g., Frenkel v. New York City Off-Track Betting Corp., 08 Civ. 6050, -- F. Supp. 2d --, 2009 WL 1176987 at *2-3 (S.D.N.Y. May 4, 2009) (Peck, M.J.); Walker v. Caban, 08 Civ. 3025, 2008 WL 4925204 at *12-13 (S.D.N.Y. Nov. 19, 2008) (Peck, M.J.), report & rec. adopted, 2008 WL 5148794 (S.D.N.Y. Dec. 5, 2008); see also, e.g., Classicberry Ltd. v. Musicmaker.com, Inc., No. 02-7054, 48 Fed. Appx. 360, 361-63 (2d Cir. 2002) (upholding denial of motion to amend answer made after close of discovery and filing of summary judgment motion); Cartier, Inc. v. Four Star Jewelry Creations, Inc., 01 Civ. 11295, 2004 WL 169746 at *3-4 (S.D.N.Y. Jan. 28, 2004) (Motley, D.J.).

3306, -- F. Supp. 2d --, 2009 WL 928092 at *2 (S.D.N.Y. Apr. 2, 2009); Oladokun v. Ryan, 06 Civ. 2330, 2009 WL 857460 at *3 (S.D.N.Y. Mar. 31, 2009).[3/]

      The issue, therefore, is whether NHIC's proposed sixth cause of action alleges a viable cause of action.

      NHIC's proposed sixth cause of action alleges that Total Tool violated Minnesota Consumer Fraud Act ("CFA") § 325.F9, which provides:

> **Fraud, misrepresentation, deceptive practices**. The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided in section 325F.70.

Minn. Stat. Ann. § 325F.69(1) (2009).  "Minnesota's Consumer Fraud Act was adopted in 1963 . . . and provides the attorney general with authority to seek and obtain injunctive relief to protect

---

[3/]      Accord, e.g., E.E.O.C. v. Thomas Dodge Corp., 524 F. Supp. 2d 227, 234-35 (E.D.N.Y. 2007); Finlay v. Simonovich, 97 Civ. 1455, 1997 WL 746460 at &4 (S.D.N.Y. Dec. 2, 1997) (Peck, M.J.); Skylon Corp. v. Guilford Mills, Inc., 93 Civ. 5581, 1997 WL 88894 at *1 (S.D.N.Y. Mar. 3, 1997) (motion to dismiss standard is "a standard substantially the same as the standard for futility under a motion to amend"); Barrett v. U.S. Banknote Corp., 806 F. Supp. 1094, 1098 (S.D.N.Y. 1992) ("Leave to amend will not be granted under Rule 15(a), however, where there are no colorable grounds for the proposed claim -- that is, where amendment would prove futile. . . .  The 'colorable grounds' requirement mandates 'an inquiry -- comparable to that required by Fed. R. Civ. P. 12(b)(6) . . . -- as to whether the proposed amendments state a cognizable claim. . . .'  In sum, amendment is futile if a proposed claim could not withstand a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6)."); Journal Publ'g Co. v. Am. Home Assurance Co., 771 F. Supp. 632, 635 (S.D.N.Y. 1991) ("'"[A] district court is justified in denying an amendment if the proposed amendment could not withstand a motion to dismiss."' . . .  The Proposed Amended Complaint may therefore be scrutinized as if defendants' objections to the amendments constituted a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); Hannah v. Metro-North Commuter R.R., 753 F. Supp. 1169, 1176 (S.D.N.Y. 1990) (same).

7

consumers from unlawful and fraudulent trade practices in the marketplace." <u>Ly</u> v. <u>Nystrom</u>, 615

N.W.2d 302, 308 (Minn. 2000).

The Minnesota Private Attorney General Statute provides broad statutory authority

to the Minnesota Attorney General to investigate violations of the Minnesota Consumer Fraud Act,

and to seek injunctive relief and civil penalties:

> **Subdivision 1. Investigate offenses against the provisions of certain designated sections; assist in enforcement**. The attorney general shall investigate violations of the law of this state respecting unfair, discriminatory, and other unlawful practices in business, commerce, or trade, and specifically, but not exclusively, . . . <u>the Prevention of Consumer Fraud Act (sections 325F.68 to 325F.70)</u>, and chapter 53A regulating currency exchanges and assist in the enforcement of those laws as in this section provided.

Minn. Stat. Ann. § 8.31(1) (2009) (emphasis added).  Subdivision 3(a) further provides:

> **Subd. 3a. Private remedies**. In addition to the remedies otherwise provided by law, any person injured by a violation of any of the laws referred to in subdivision 1 may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court. The court may, as appropriate, enter a consent judgment or decree without the finding of illegality. In any action brought by the attorney general pursuant to this section, the court may award any of the remedies allowable under this subdivision.

Minn. Stat. Ann. § 8.31(3a) (2009).

The Minnesota Supreme Court has limited a private claimant's ability to sue under

the Minnesota Private Attorney General Statute, holding "that the Private AG Statute applies only

to those claimants who demonstrate that their cause of action benefits the public." <u>Ly</u> v. <u>Nystrom</u>,

615 N.W.2d at 314.  Thus, where a plaintiff "was defrauded in a single one-on-one transaction in

which the fraudulent misrepresentation, while evincing reprehensible conduct, was made only to"

the plaintiff, a "successful prosecution of his fraud claim does not advance state interests and enforcement has no public benefit, and is not a claim that could be considered to be within the duties and responsibilities of the attorney general to investigate and enjoin."  Ly v. Nystrom, 615 N.W.2d at 314.

Most personal injury and product liability actions, therefore, do not create a private cause of action under the Minnesota Private AG Statute because they seek primarily to compensate plaintiffs for individual injuries and damages, and seek no relief for the public at large.  See, e.g., Davis v. U.S. Bancorp, 383 F.3d 761, 768 (8th Cir. 2004) ("The class of plaintiffs under the private attorney general statute would be limitless if we assumed that one individual's negative experience with a company was necessarily duplicated for every other individual and on that basis treated personal claims as benefitting the public. Such an assumption might well render nearly every private suit alleging fraud a public benefit case. [Plaintiff] had a private transaction with [defendant] in which poor communication and confusion on both sides resulted in the cancellation of a purchase agreement. But [plaintiff] can complain only about her individual experience with [defendant], and she has not presented evidence that misrepresentations were made to the public at large. She is therefore barred from raising her claims under the particular state statutes she alleges were violated."); King v. Reed, LLC, No. 07-1908, 2008 WL 80630 at *4 (D. Minn. Jan. 8, 2008) (Plaintiff's CFA claim does not satisfy the public benefits standard because "[t]he present lawsuit is primarily a products liability and negligence case, wherein [plaintiff] seeks an award to cover his own economic expenses, pain and suffering, compensatory damages, and attorney fees.  Any award

would merely benefit [plaintiff], and [plaintiff] has made no showing that this case or any of the requested relief would benefit the public at large.") (citation omitted); Berczyk v. Emerson Tool Co., 291 F. Supp. 2d 1004, 1020 (D. Minn. 2003) (Minnesota Private AG Statute does not apply where the "essence of the [p]laintiffs' lawsuit is personal injury, and actions seeking such damages do not benefit the public."); Behrens v. United Vaccines, Inc., 228 F. Supp. 2d 965, 971, 972 (D. Minn. 2002) (Although plaintiff's false advertising claim brought under the Minnesota Consumer Fraud Act may provide "some benefit to the public occasioned by their success in this action, we cannot agree that such a metaphysical potential is sufficient to satisfy the public benefit requirement enunciated in Ly v. Nystrom.  To be sure, the loss of any false advertising claim might counsel the advertiser to be more forthright in its advertisement of its other products, we see no real prospect of a public benefit, other than a theoretical one. . . . The Plaintiffs' claims seek to redress only their own personal, business damages.  They seek no equitable relief . . . ."); Pecarina v. Tokai Corp., No. CUV,01-1655, 2002 WL 1023153 at *5 (D. Minn. May 20, 2002) (Plaintiffs cannot assert a private cause of action under the Minnesota Private AG Statute where "the essence of Plaintiffs' lawsuit is personal injury, involving allegations of negligence and products liability. Plaintiffs seek damages for past and future medical expenses, pain and suffering, wage loss, and emotional distress. . . . Such damages do not benefit the public. The redress is to compensate Plaintiffs for their injuries. . . . Plaintiffs may not craft their products liability suit to bring it within the ambit of the Private AG Act. Because the claims are not brought for the benefit of the public, Plaintiffs' claims under the Consumer Fraud Act . . . are dismissed.").

H:\OPIN\NHIC v TOTAL TOOL

In addition, plaintiff NHIC has "the burden of demonstrating a public benefit to state a claim under the CFA." King v. Reed, LLC, 2008 WL 80630 at *4 (citing Ly v. Nystrom, 615 N.W.2d at 314).  NHIC has not met its burden.  NHIC argues that its action benefits the public by "1) keeping . . . dangerous products off the market where there is a clear failure to warn of known dangers and 2) punishing [Total Tool] . . . [for] fail[ing], for more than three years, to warn of said known danger."  (Dkt. No. 29: NHIC Br. at 8; see also Dkt. No. 35: NHIC Reply Br. at 6-8.)  By this standard, however, almost every product liability action would benefit the public, rendering meaningless the public benefit requirement articulated in Ly v. Nystrom.

Moreover, in order "[t]o determine whether a lawsuit is brought for the public benefit the Court must examine not only the form of the alleged misrepresentation, but also the relief sought by the plaintiff." Overen v. Hasbro, Inc., Civ. No. 07-1430, 2007 WL 2695792 at *3 (D. Minn. Sept. 12, 2007) (quoting Zutz v. Case Corp., No. Civ. 02-1776, 2003 WL 22848943 at *4 (D. Minn. Nov. 21, 2003)).  NHIC's product liability lawsuit seeks exclusively personal relief for NHIC in the form of damages, costs and disbursements (see Dkt. No. 28: Glynn Aff. Ex. A: Proposed 2d Am. Compl. ¶ 68 & Wherefore ¶¶ c-d); NHIC's suit does not seek equitable relief, and does not vindicate, aid or benefit the public in any meaningful way.  See, e.g., Wehner v. Linvatech Corp., No. 06-CV-1709, 2008 WL 495525 at *3-4 (D. Minn. Feb. 20, 2008) (Plaintiff may not bring an action under the Minnesota Private AG Act because his cause of action does not benefit the public where he seeks only damages.  "[C]ases addressing whether a party's case benefits the public focus on the relief sought, not incidental benefits to the public resulting from the plaintiff bringing the suit."); see

11

also, e.g., King v. Reed, LLC, 2008 WL 80630 at *4 (product liability claim asserting only plaintiff's damages does not satisfy the public benefits standard); Behrens v. United Vaccines, Inc., 228 F. Supp. 2d at 972 (claim asserting damages but not equitable relief does not provide sufficient public benefit).

NHIC, therefore, may not sue Total Tool under the Minnesota Consumer Fraud Act because its action does not sufficiently benefit the public to grant NHIC a private cause of action under Subsection 3(a) of the Minnesota Private Attorney General Statute.  Accordingly, the Court denies NHIC's motion to amend to assert its proposed sixth cause of action as futile.

## CONCLUSION

For the reasons set forth above, NHIC's motion for leave to amend its complaint is DENIED as futile.

DATED:       New York, New York
             June 2, 2009

                                                    _____
                                                    **Andrew J. Peck**
                                                    United States Magistrate Judge

Copies to:    Lawrence C. Glynn, Esq.
              Bryan T. Schwartz, Esq.

H:\OPIN\NHIC v TOTAL TOOL